No. 46,879

REESE LAPHAM, *Appellee*, v. THE URBAN RENEWAL AGENCY OF KANSAS CITY, KANSAS, AND THE CITY OF KANSAS CITY, KANSAS, *Appellants*.

(508 P. 2d 507)

Opinion filed April 7, 1973.

*James P. Davis*, of Stevens, Davis and Haley, of Kansas City, argued the cause, and was on the brief for the appellants.

*J. D. Lysaught*, of Weeks, Thomas, Lysaught, Bingham and Johnson, of Kansas City, argued the cause, and *J. D. McDonald, Jr.*, of the same firm, was with him on the brief for the appellee.

*Per Curiam:* This is an appeal by the condemners from a jury award of $39,000 for the property in question.

The appellee moves to dismiss the appeal primarily for the failure of the appellants to give notice of hearing under our Rule 6 (*p*) of their application to the district judge for an extension of time to file the record on appeal. An order was made *ex parte* by the district judge granting a 30-day extension. While the rule provides for notice to "the other parties" of the application for extension of time, the provision could hardly be considered jurisdictional in the sense of depriving the trial judge of discretionary power to waive the notice requirement and grant the extension *ex parte* and without notice to meet the exigencies of the case. The appellee was not without his remedy to request a hearing and reconsideration and an order of abandonment, if he felt himself prejudiced by the court's action. We find that no bad faith is involved and that no delay in appellate review has resulted. Accordingly there should be a review on the merits. The motion to dismiss the appeal is overruled.

In this connection it may be noted that the motion for dismissal is made for the first time in the appellee's brief. The better practice is for the request for dismissal on procedural grounds to be made by separate motion and early docketing as contemplated by Rule 6 (*j*).

The opinion valuations of the expert witnesses on both sides ranged from $16,000 to $56,772. The award represents an approximate average of the four valuations.

The trial court properly used the date of May 18, 1970, when the appellants acquired the property by condemnation, as the time as of which the value of the property was to be determined. This is the date upon which appellants insisted, while the appellee (property owner) urged that the determination should be as of September 19, 1965, when the city adopted the ordinance declaring the area in which his property was included to be a blighted area. Appellee claimed that after that time the value of the property was depressed and that a just award could not be made on the basis of value at a later date.

While the trial judge limited the opinion testimony as to value to the May 18, 1970, date, he permitted the appellee, over the objection of appellants, to introduce evidence of the ordinance and of other preliminary steps as relevant, at least to the question of highest and best use. The propriety of receiving this evidence is the issue on this appeal.

In *Urban Renewal Agency v. Spines,* 202 Kan. 262, 447 P. 2d 829, we recognized the peculiar problems presented to the litigants and the trial court where there is a long delay between the original action of the condemner declaring portions of the city to be a slum and blighted area and the ultimate condemnation of the landowner's specific property in the project area. Announcement of plans for a public improvement may either depress or inflate the value of a particular property to be taken, and the property owner should be neither penalized nor benefited by such deflationary or inflationary values. We have so held in *Urban Renewal Agency v. Spines,* supra; and *Ridglea, Inc. v. Unified School District,* 206 Kan. 111, 476 P. 2d 601.

It seems to us that since the opinion of expert witnesses as to value may often be influenced by the enhancing or debilitating effect of the condemners' plans, it is relevant for the jury to have evidence of such plans and the time and manner of their initiation,

as bearing upon the weight and credibility of the expert witness testimony. For the same reason the trial court must, of necessity, be given a wide discretion in the admission of evidence of comparable sales before and after the proposed plans are made public.

We find no abuse of discretion by the trial court here. The judgment of the court below is affirmed.

FROMME, J., not participating.